UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Adam H. Nagle</u>

    v.                                            Civil No. 08-cv-413-JL[1]

<u>New Hampshire State Prison, et al.</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff Adam H. Nagle has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his rights under the Eighth Amendment to the United States Constitution and New Hampshire law (document no. 1). Seeking injunctive and monetary relief, he brings this action against two employees of the New Hampshire State Prison ("NHSP"): Warden Richard M. Gerry[2]; and corrections officer Parent (first name unknown).[3]

---

[1] Nagle has filed two related actions, civil nos. 08-cv-432-SM and 08-cv-445-JL, in which he alleges similar claims against additional defendants.

[2] I liberally construe the claim against the NHSP to be brought against Gerry in his representative capacity as Warden of the NHSP.

[3] The body of the complaint refers to Jorgenson and unnamed "multiple defendants." Because Nagle names Jorgenson and four unnamed corrections officers as defendants in a separate action,

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I find that Nagle has stated the following claims against Parent in his individual capacity: (1) Eighth Amendment claim alleging use of excessive force; and (2) related state law claim alleging intentional infliction of emotional distress.  I recommend dismissal of all remaining claims.

### Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se

---

civil no. 08-432-SM, in which he alleges similar claims against them, I construe this action to be brought solely against Gerry and Parent.

pleadings liberally in favor of the pro se party). See also Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

This action stems from Nagle's confinement in the secured housing unit ("SHU") at the NHSP and corrections officers' alleged use of excessive force against him while he was

experiencing seizures.  Upon entering SHU, Nagle notified corrections officers that he suffered from a medical condition that caused him to experience seizures.  He previously suffered two seizures while confined at the NHSP, and during one episode he sustained injuries to his head and neck and was hospitalized.  While confined in a cell on "A" tier, Nagle and corrections officers informed his cellmate(s)[4] of his medical condition and instructed them to notify the officers by flagging for assistance when Nagle was experiencing a seizure.  The officers allegedly explained that "flagging" was waiving a white sheet or towel outside a cell door to alert officers of the need for emergency assistance.  On several occasions, Nagle's cellmates on "A" tier flagged officers for emergency assistance when he was experiencing seizures, however, fifteen to thirty minutes elapsed before officers responded.

   The incident at issue in this action occurred in June 2008, while Nagle was confined in SHU and was awaiting available bed space in the Hancock Building.  During that time, Parent allegedly was in charge of SHU, and all other officers reported to him.  While Nagle was experiencing a seizure, officers

---

   [4]I construe Nagle's reference to "occupant" to mean cellmate(s).

allegedly entered his cell and ordered his cellmate to leave. Several other officers, including Parent, were standing at the cell door.  At that time, witnesses allegedly recounted, Nagle was actively in a seizure and experiencing convulsive muscle movement along with clenched hands and eyes rolling into the back of his head.  He allegedly was nonresponsive.

Parent allegedly held Nagle by the wrists and, when his arms convulsively pulled away, ordered Jorgenson and the other officers to "take him down."  The officers and Parent pulled Nagle off of his bed and onto the floor, face first.  Parent then ordered the officers to flip Nagle onto his back while he was still actively seizing.  Parent further ordered the officers to pin Nagle down by the arms, legs and head while Parent strattled him.  At that point, while Jorgenson was kneeling on Nagle's right wrist with both knees and attempting to pin down his arm, Nagle experienced a seizure-induced muscle spasm and lifted the officer off of the ground.  The other officers knelt with full weight on Nagle's arms, legs, head, neck and groin, and Parent continued to strattle Nagle and began slapping his chest and face.  Within a few minutes, the seizure allegedly faded, and Nagle was checked by a nurse and given ice for a large purple

lump on his head.  As a result of defendants' actions, Nagle allegedly sustained injuries to his head, forehead, neck, right elbow, left shoulder and groin.  He also allegedly sustained injuries to his joints from hyperextension and endured unnecessary pain and suffering.

On September 27, 2008, Parent ordered Nagle to report to him for purposes of answering a request form and at that time questioned Nagle for twenty to thirty minutes about this action. Parent allegedly tried to manipulate Nagle into "changing time frames of the occurrences and downplayed his role in the abuse." Nagle now brings this civil rights action, alleging that defendants' acts and omissions violate his rights under Section 1983 and New Hampshire law.

## Discussion[5]

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981);

---

[5]The claims as identified herein will be considered for all purposes to be the claims raised in the complaint.  If Nagle disagrees with this identification of the claims, he must do so by proper objection to this report and recommendation or by properly moving to amend his complaint.

Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.

    A.   Use of Excessive Force

In June 2008, Parent allegedly used excessive force against Nagle while he was experiencing a seizure, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment.

In a prison setting, the use of excessive force against a prisoner is analyzed under the Eighth Amendment prohibition against cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319-20 (1986). See also See Davis v. Rennie, 264 F.3d 86, 98 n.9 (1st Cir. 2001) (citing Hudson v. McMillian, 503 U.S. 1, 4 (1992)("A convicted prisoner may bring a claim for use of excessive force under the Eighth Amendment.") To state an Eighth Amendment claim for the use of excessive force by prison guards, an inmate must demonstrate "unnecessary and wanton infliction of pain." Whitley, 475 U.S. at 319-20. "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." See Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 320-21).  To prevail on an excessive force claim, a plaintiff must show that the alleged use of force is "objectively sufficiently serious or harmful enough" to be actionable.  Hudson, 503 U.S. at 8; accord United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999).  An excessive force claim may be established even if the plaintiff does not suffer serious or significant injury, if he can demonstrate that the amount of force used is more than de minimis, or otherwise involves force "repugnant to the conscience of mankind."  Hudson, 503 U.S. at 9-10.

Here, Nagle alleges that in June 2008 while he was confined in SHU, Parent and several unnamed NHSP corrections officers entered his cell and used excessive force against him while he was experiencing a seizure and while he was nonresponsive. Parent allegedly demonstrated deliberate indifference to Nagle's safety by ordering corrections officers to forcefully pull him off of his bed and onto a concrete floor, face first, and pin him down while he was experiencing a seizure.  Parent allegedly further demonstrated indifference to Nagle's safety by restraining Nagle and ordering the officers to flip him onto his

back while he was still actively seizing and pin him down by the arms, legs and head. Nagle further alleges that Parent permitted or ordered the officers to kneel with full weight on his right wrist, arms, legs, head, neck and groin; at that same time, Parent strattled Nagle and began slapping his chest and face.

As a result of Parent's actions, Nagle allegedly sustained injuries to his head, forehead, neck, right elbow, left shoulder, joints and groin and endured unnecessary pain and suffering. Nagle claims that because he was on a secure mattress with blankets and padding to protect his head, it was unnecessary for him to be moved. Parent allegedly is trained in basic emergency response and should have been able to understand the possibility of injury. After the incident, Parent allegedly questioned Nagle about this civil rights action, tried to manipulate him into "changing time frames of the occurrences", and "downplayed his role in the abuse."

Nothing in the record suggests that Nagle provoked the incident or otherwise posed an immediate threat to the safety of the corrections officers or the security of the prison. Nor is there any indication that excessive force was used by the officers in a good-faith effort to maintain or restore

discipline.  For purposes of preliminary review, I find that Nagle has alleged an Eighth Amendment excessive force claim against Parent.

To the extent Nagle alleges an excessive force claim against Gerry, I find that he has failed to state a cognizable claim. Nagle has not alleged that Gerry was present during the incident, that he was informed of the incident or that he condoned the actions by the subordinate officers.  Because Nagle has failed to allege sufficient predicate facts to state a cognizable Eighth Amendment excessive force claim against Gerry, I recommend dismissal of the claim against him.

II.   State Law Claim

Nagle alleges that the same conduct that violated his Eighth Amendment right to be free from use of excessive force also violated his right to be free from intentional infliction of emotional distress under New Hampshire law.  Nagle appears to allege that by using excessive force against him while he was suffering a seizure, Parent caused him to experience severe emotional distress and harm.

Nagle's state law claim allegedly stems from the injuries he sustained as a result of Parent's actions and, therefore, appears

to be so related that it forms part of the "same case or controversy" of the Eighth Amendment excessive force claim. See 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over claims that are so related they form part of the same case or controversy). Accordingly, I conclude that this court may exercise supplemental jurisdiction over Nagle's state law claim for intentional infliction of emotional distress against Parent.

## Conclusion

For the reasons stated above, I find that Nagle has alleged the following claims against Parent in his individual capacity: (1) Eighth Amendment claim alleging use of excessive force; and (2) related state law claim alleging intentional infliction of emotional distress. I recommend dismissal of all remaining claims. Accordingly, by separate order issued simultaneously herewith, I authorize the above viable claims to proceed against Parent.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt

of this report and recommendation, or he must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: December 18, 2008

cc:   Adam H. Nagle, pro se